IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE PETTAWAY, JR.,                     :

     Petitioner,                     :

v.                                       :    CIVIL ACTION 06-00491-WS-B

WARDEN ARNOLD HOLT,                      :

     Respondent.                     :


## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration.  The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required.  Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317, 1333-35 (11th Cir. ), cert. denied, 545 U.S. 1149 (2005).  Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A) because the Court lacks jurisdiction to consider it.

I.  NATURE OF PROCEEDINGS.

Petitioner was convicted of rape, first-degree, in the Circuit Court of Baldwin County, Alabama, on November 17, 1981 for which he received a sentence of life in the state penitentiary.  (Doc. 1 at

2).  Petitioner's conviction and sentence were affirmed on appeal by the Alabama Court of Criminal Appeals without written opinion. (Id. at 3).  Petitioner did not file a petition for writ of certiorari to the Alabama Supreme Court.  (Id.).  Subsequently, Petitioner initiated several unsuccessful, state collateral proceedings. (Id. at 4-5).  Petitioner admits, in the instant Petition, that he previously filed a habeas petition in this Court, namely CA No. 86-0900-T-C.  (Id. at 9-10).

Petitioner raises one claim in the instant habeas petition. (Id. at 7).  He claims that his due process rights were violated when his Rule 32 petition was denied in January, 2006.  In the Rule 32 petition, Petitioner claimed that he was granted a psychiatric evaluation prior to his trial, but it was never performed, and that he has raised this claim before also on his direct appeal and in state habeas corpus petition.  (Id.).

Respondent argues that because Petitioner previously filed five federal habeas petitions, the instant petition is a successive petition.  (Doc. 6 at 1).  According to Respondent, this Court lacks jurisdiction to review this petition pursuant to 28 U.S.C. § 2244(b)(3)(A) unless Petitioner has obtained an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider Petitioner's successive petition.  (Id. at 3).

Respondent describes Petitioner's prior habeas filings which, as borne out by the Court's records, commenced with Pettaway v.

2

Davis, CA No. 86-0900-T-C (S.D. Ala. May 19, 1989), wherein Petitioner was denied the writ of habeas corpus by the district court on his rape conviction. (Id., Ex. 1A). This denial was affirmed by the Eleventh Circuit Court of Appeals. (Id., Exs. 2 & 2A). In regard to Petitioner's subsequent habeas petitions, Respondent has set out information concerning them in his Answer, (Id. at 2-3 & Exs. 1-3, 6-8), which the Court has verified in its records except for the application filed with the Eleventh Circuit.[1] (Id., Exs. 4 & 5).

After the Answer was filed, Petitioner filed, on October 25, 2006, a copy of his handwritten Application for an Order Authorizing the District Court to Consider the Application 28 U.S.C. § 2254 to Obtain Permission (Doc. 7), which he filed in the Eleventh Circuit Court of Appeals. However, the application was not accompanied by an order from the Eleventh Circuit authorizing the filing of the successive petition, nor has Plaintiff filed such an Order with this Court.

---

[1] Petitioner's other habeas proceedings are: Pettaway v. Holt, CA No. 00-0475-CB-M (S.D. Ala. Aug. 28, 2000) (dismissed as a successive petition); In re: Jesse Pettaway, Jr., CA No. 98 - 1243 (11th Cir. July 31, 1998) (Eleventh Circuit denied Petitioner leave to file a successive petition) (Doc. 6, Ex. 8); Pettaway v. Holt, CA No. 94-0382-RV-S (S.D. Ala. Aug. 16, 1994) (dismissed for failure to prosecute after an answer was filed); Pettaway v. Holt, CA No. 91-1024-BH-S (S.D. Ala. May 27, 1992) (dismissed, after an answer was filed, for Petitioner to avail himself of state remedies ).

**II. ANALYSIS.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A) that requires "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir.) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

Petitioner's first habeas petition, as noted supra, was filed on October 8, 1986. His current petition, filed on August 24, 2006, is therefore clearly a successive petition. As such, this Court lacks jurisdiction to entertain the current petition absent Petitioner first obtaining permission from the Eleventh Circuit Court of Appeals. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert. denied, 520 U.S. 1203 (1997). The record in this case does not reflect that Petitioner obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition. U.S. v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003). Because Petitioner has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to consider Petitioner's petition.

**III. CONCLUSION.**

In considering the alternatives that are available, the Court is taking into account the date of the rape conviction, the post-conviction review of claims, and the nature of the claim that Petitioner is seeking to raise here.  In doing so, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A) by presenting an order of authorization from the Eleventh Circuit Court of Appeals.  <u>See</u> <u>Guenther</u>, 173 F.3d at 1330 (considering the available options but concluding that dismissal was the most appropriate).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **17th** day of **September 2007.**

**_____/S/ SONJA F. BIVINS_____**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.    **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.